Nikoll Nikci, Esq.
Nevada Bar No. 10699
3960 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 990-3628
Facsimile: (702) 866-9774
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Green Cable, LLC, | |
| Plaintiff, | |
| vs. | CASE NO.: _____ |
| 4645 Tropicana Partners LLC, Pinnacle Las Vegas LLC, Falconi Group, Dick Pacific Construction Co., Ltd., Elysium Enterprises, Inc. and Praxis Resources, LLC, | JURY TRIAL REQUESTED |
| Defendants. | |

## COMPLAINT

Green Cable, LLC, a Florida limited liability company (the "**Plaintiff**"), by and through its undersigned counsel, Nikoll Nikci, Esq., for its complaint on behalf of itself and all persons similarly situated against the Defendants, 4645 Tropicana Partners LLC, Pinnacle Las Vegas LLC, Falconi Group, Dick Pacific Construction Co., Ltd., Elysium Enterprises, Inc. and Praxis Resources, LLC (collectively, the "**Defendants**"), alleges and states as follows:

### I.
### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) as the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, the putative class contains at least 100 class members and Plaintiff and members of the class are citizens of

a state different from any Defendant.

2. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(a)(2), because the District of Nevada is where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and it is where the property that is the subject of the action is situated.

## II.
## PARTIES

3. Plaintiff, a resident of Florida, entered into two Condominium Unit Purchase and Sale Agreements with 4645 Tropicana Partners LLC, for two condominium units to be built in Las Vegas, Nevada. Plaintiff brings this action for itself and on behalf of all persons similarly situated.

4. The class Plaintiff represents is comprised of all consumers, individuals or otherwise, who entered into a written Condominium Unit Purchase and Sale Agreement to purchase a condominium at a development known as the "**Pinnacle Las Vegas**" (the "**Pinnacle**") to be constructed by the Defendants on Assessor's Parcel No. 162-30-101-005, in the County of Clark, State of Nevada (the "**Property**").

5. Upon information and belief, Plaintiff alleges that Defendant 4645 Tropicana Partners LLC is a Nevada limited liability company licensed with the Nevada Secretary of State as LLC17567-2004, and is currently in default with the state of Nevada.

6. Upon information and belief, Plaintiff alleges that Defendant Pinnacle Las Vegas LLC, is a Nevada limited liability company with a principal place of business at 4780 West Tropicana Avenue, Suite 105, Las Vegas, NV 89103, licensed with the Nevada Secretary of State as E0-673172006-2.

7. Upon information and belief, Plaintiff alleges that Defendant Falconi Group is a Pennsylvania entity doing business in the State of Nevada.

8. Upon information and belief, Plaintiff alleges that Defendant, Dick Pacific Construction Co., Ltd. is a Hawaii company, licensed with the Hawaii Department of Commerce and Consumer

Affairs under file number 27729 D1, and licensed with the Nevada Secretary of State as a foreign corporation with Nevada corporate number C9531-2001.

9. Upon information and belief, Defendant Elysium Enterprises, Inc. is a Nevada corporation, licensed with the Nevada Secretary of State as C17060-1996.

10. Upon information and belief, Defendant Praxis Resources, LLC is a Pennsylvania limited liability corporation, licensed with the Pennsylvania Secretary of State as entity number 2983116, doing business in the State of Nevada.

11. Based on information and belief, at all relevant times the Defendants were the partners, joint ventures, agents, co-conspirators, servants and employees of each and every other Defendant herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employments and conspiracy, and with the knowledge, consent, permission, acquiescence and ratification of their co-Defendants.

12. Upon information and belief, Plaintiff alleges that all the Defendants are engaged in the common business plan of developing the Pinnacle and are the alter egos of one another, despite their respective registration with the secretaries of state in which the Defendants are incorporated or registered in that, *inter alia*, all the Defendants have common officers, members and directors, and owners. Adherence to the separate existence of these Defendants as entities distinct from one another would permit an abuse of the corporate privilege and would sanction a fraud in common.

13. Upon information and belief, where each Defendant is a successor to a named predecessor Defendant, the successor entity is merely a continuation of the predecessor entity and/or the transaction was fraudulently made in order to escape liability for such debts.

14. Upon information and belief, Plaintiff believes that: 1) each Defendant is the alter ego or authorized agent of the other; 2) the funds of each Defendant are intermingled with the funds of each

other in order to fund the development; 3) there is no separate existence between Defendants insomuch as it relates to the subject of this lawsuit and irrespective of the separate filings made by each with the respective Secretaries of State; 4) there is a unity of interest among all Defendants which is inseparable; 5) any such separateness of their independent interests has ceased to exist; and 6) that to maintain and recognize the separate limited liability existence of Defendants will perpetrate fraud on their creditors.

### III.
### GENERAL FACTUAL ALLEGATIONS

15. The Pinnacle is a real estate development and strategic partnership organized among the Defendants.

16. Falconi Group is a multi-faceted alliance of companies engaged in a diverse array of businesses including residential and commercial real estate developments.

17. Dick Pacific Construction Co, Ltd. is a full service program manager and general contractor with experience in pre-construction services and design-build construction throughout the Western United States, Pacific Rim and Caribbean, whose projects include major hotels, condominiums, healthcare and retail facilities. As part of the ownership team, Dick Pacific Construction is providing the Pinnacle with a variety of services including program and construction management.

18. Elysium Enterprises, Inc. is a Las Vegas based development firm that designs and builds commercial and luxury residential projects.

19. Praxis Resources, LLC is a real estate development company whose management has been associated with many prominent United States projects including Northbridge Center in Chicago, Galleria Dallas, Fashion Valley in San Diego, and Northridge Fashion Center in Los Angeles.

20. 4645 Tropicana Partners LLC and Pinnacle Las Vegas LLC are the vehicles through which the Defendants operate the Pinnacle development.

21. Upon information and belief, Plaintiff alleges that during 1985, the Defendants purchased

the Property and until on or about October 2004, operated a car dealership on the Property.

22. Upon information and belief, Plaintiff alleges that commencing on or about December 2005, the Defendants announced their plan to build a high-rise, luxury condominium project known as the Pinnacle Las Vegas, to be constructed on the Property at the southwest corner of Tropicana Avenue and Cameron Street.

23. Upon information and belief, Plaintiff alleges that the Defendants, on or about January of 2006, marketed to members of the general public in Nevada and throughout the United States the opportunity to purchase units in the Pinnacle.

24. Plaintiff, and each member of the putative class, along with authorized representatives of the Defendants, initially executed a Condominium Unit Purchase and Sale Agreement (each a "**Purchase Agreement**") and pursuant to that agreement, tendered to the Defendants an amount equal to ten percent (10%) of the purchase price of each respective condominium (collectively, the "**Deposits**").

25. In connection with the execution of the Purchase Agreement, Plaintiff and each member of the putative class, along with authorized representatives of the Defendants, executed that certain Addendum to the Purchase Agreement, commonly referred to as the BluePrint Addendum (the "**BluePrint Addendum**").

26. The BluePrint Addendum was negotiated among several parties, including the Plaintiff's real estate broker, and was the culmination of nearly one year of negotiations among the parties.

27. Pursuant to the BluePrint Addendum, the Defendants agreed to several preferential buying terms available only to the Plaintiff and members of the putative class, the salient terms of which include:

    a. The Deposits:

        i. could not be used in the construction of the Pinnacle;

   ii. would stay in escrow with Nevada Title Company; and

   iii. would earn interest for the benefit of the Plaintiff and each member of the putative class.

b. The right of each purchaser to freely assign the Purchase Agreements to a third party;

c. Protected first day pricing, guaranteeing the Plaintiff and the putative class that each buyer of a condominium in the Pinnacle purchasing after the Plaintiff and the putative class would be given purchase prices at least eighteen percent (18%) greater than those prices paid by the Plaintiff and the putative class;

d. Completion of the Pinnacle on or before August 1, 2009 (the "**Cancellation Deadline**");

  i. If the Pinnacle is not completed timely, the Plaintiff and each member of the putative class may either:

   1. cancel their Purchase Agreements on or after November 30, 2009; or

   2. receive additional discounts of one percent (1%) for every subsequent sixty (60) day period that completion of the Pinnacle is delayed beyond October 1, 2009.

e. The Defendants use of good faith and commercially reasonable efforts to commence grading on the Property within six (6) months after the Plaintiff and all members of the putative class executed their Purchase Agreements;

f. The Defendants agreement to forward monthly written updates, on the fifteenth (15th) day of each month, describing the overall status of the Pinnacle, including whether the Pinnacle is being constructed on budget and on schedule;

g. In the event of a conflict between the Purchase Agreement and the BluePrint Addendum, the BluePrint Addendum shall supersede and control; and

      h. The requirement for the delivery of three hundred and six (306) Purchase Agreements for condominium units in the Pinnacle, absent which, the Plaintiff and each member of the putative class will be in default under the BluePrint Addendums (the "**306 Requirement**").

      i. If the Plaintiff and the putative class failed to meet the 306 Requirement, the Purchase Agreements and BluePrint Addendums were terminable at the election of the Developer, which termination was to occur within ten (10) days from expiration of the time frames set forth in the BluePrint Addendums for meeting the 306 Requirement, which timeframes expired during the fourth quarter of 2006. This is the Defendants' sole remedy for the failure of the Plaintiff or the putative class to meet the 306 Requirement (the "**306 Remedy**").

28. On June 22, 2006, the Defendants issued a press release stating that the Pinnacle would break ground in the fall of 2006, and open to the public in the second quarter of 2009.

29. On July 11, 2007, the Defendants issued a press release stating that construction of the Pinnacle had begun and that the project will begin vertical construction in late 2007, with a planned opening to the public in the Spring of 2010.

30. Plaintiff and all putative class members received a letter from Defendants during the month of July, 2007, informing them that construction related activities had begun on the Property.

31. On October 8, 2007, the Defendants issued a press release stating that the Pinnacle would break ground on construction during the middle of 2008, and open to the public some time during the middle of 2010.

32. Upon information and belief, Plaintiff alleges that on November 15, 2007, the Defendants announced that an environmental issue had occurred at the Property. Specifically, due to falling water

levels in Las Vegas, the Property's benzene levels were outside of acceptable limits for construction absent remediation. As of the date hereof, the Plaintiff is still waiting for the results of the Defendants' efforts to resolve this alleged environmental issue.

33. On December 4, 2007, the Plaintiff's real estate broker, &Opportunities, LLC, a Florida limited liability company ("**&O**"), forwarded a letter to the Defendants' counsel requesting that the Defendants state whether the Pinnacle is going forward.

34. On December 10, 2007, &O forwarded a second letter to the Defendants' counsel cancelling the Plaintiff's Purchase Agreements and BluePrint Addendums.

35. On December 17, 2007, &O forwarded a third letter to the Defendants' counsel demanding the return of the Plaintiff's Deposits and alerting the Defendants that absent the immediate return of the Plaintiff's Deposits, the Plaintiff would file this lawsuit.

36. On December 18, 2007, counsel for the Defendants delivered their single response to &O's letters, denying any allegations set forth therein and stating that Plaintiffs were in default under the BluePrint Addendum for failing to meet the 306 Requirement.

37. On December 19, 2007, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff's representatives forwarded to counsel for the Defendant an informal discovery request in anticipation of litigation.

38. On December 20, 2007, Plaintiff's representatives forwarded to counsel for the Defendant a supplement to the December 19 informal discovery request.

39. The Defendants have not specifically responded to the assertions or requests set forth in Plaintiff's termination or demand letters, or discovery requests.

40. Upon information and belief, Plaintiff alleges that the Defendants suspended their condominium sales efforts for the Pinnacle through part of 2006 and through most of 2007, including

the suspension of marketing, advertising and commission payments.

41. Upon information and belief, Plaintiff alleges that the Defendants' suspended condominium sales efforts caused the undue delay of the Pinnacle's construction.

42. Upon information and belief, Plaintiff alleges that Defendants do not have construction financing for the Pinnacle, nor can Defendants obtain construction financing in the current business climate and real estate recession in general.

43. Upon information and belief, Plaintiff alleges that the Defendants' construction estimates and timelines call for a minimum of thirty (30) months of construction to complete the Pinnacle. In connection with this timeframe, the Defendants cannot build the Pinnacle on or before the Construction Deadline.

44. Upon information and belief, Plaintiff alleges that the Defendants assigned the Plaintiff's and the putative class' Purchase Agreements to a successor entity without the consent of, or notice to the Plaintiff and the putative class.

45. As of the filing of this Complaint, Plaintiff is unaware of whether the Defendants have transferred legal title to the Property on which the Pinnacle is to be constructed, and the entitlements and permits to construct the Pinnacle. If such a purported transfer or assignment has already taken place, or takes place during the pendency of the litigation, then, pursuant to the Nevada Uniform Fraudulent Transfer Act (Nev. Rev. Stats., § 112.140, *et seq.*), Plaintiff requests that all such purported transfers and assignments be cancelled and voided, *nunc pro tunc.*

### IV.
### CLASS ALLEGATIONS

46. Plaintiff brings this action for itself and on behalf of all persons similarly situated. The class that Plaintiff represents is comprised of all consumers, individuals or otherwise, who entered into a Purchase Agreement and BluePrint Addendum with the Defendants.

*NUMEROSITY*

47. Upon information and belief, Plaintiff alleges that approximately 250 individuals entered into a Purchase Agreement and BluePrint Addendum to purchase a residential condominium at the Pinnacle in the form substantially similar to the form entered into by the Plaintiff. Consequently, the persons in the class are so numerous, consisting of hundreds of purchasers, that the sheer number of purchasers makes joinder of all such persons impracticable and the disposition of their claims in a class action, rather than for individual actions, will benefit the parties and the Court and is the most efficient and fair way to resolve the controversy.

*COMMONALITY*

48. There is a well-defined commonality of interest in the questions of law and fact involving the members of the putative class in that the members of the class, as defined above, are consumers who: (a) entered into identical form Purchase Agreements and BluePrint Addendums with the Defendants to purchase one or more condominiums at the Pinnacle, and (b) received a letter from the Defendants representing that the Pinnacle Las Vegas high-rise project was going forward.

*PREDOMINANCE*

49. Common questions of law and fact predominate over any questions that affect only the representative class members, if there is any differentiation at all.

*TYPICALITY*

50. The claims of the representative Plaintiff are also typical of those of the putative class members in that Plaintiff is informed and believes that each class member executed a Purchase Agreement and BluePrint Addendum containing substantially identical terms with the Defendants.

*ADEQUACY*

51. The Plaintiff is willing to devote the time necessary to serve as the representative of the

class and work with class counsel, whose attorneys are experienced and knowledgeable, will fairly and adequately represent the interests of the class and have no interests antagonistic to the class.

### *SUPERIORITY*

52.  There is no plain, speedy or adequate remedy other than maintenance of this class action because Plaintiff is informed and believes that the prosecution of individual remedies by members of the Plaintiff class would tend to establish inconsistent standards of conduct for the Defendants, would lead to inconsistent legal and factual adjudications, and would result in impairment of class members' rights and the disposition of their interest in actions to which they were not parties. Class action treatment is superior to any other means of handling these claims.

### *MANAGEABILITY*

53.  Plaintiff does not foresee any difficulties in management of this action as a class action. Paragraph 23 of the BluePrint Addendum provides that "[t]his Addendum and the Contract shall be governed by and construed in accordance with the laws of the State of Nevada." Plaintiff is not aware of any interest expressed by any class members in managing or controlling the litigation.

### V.
### FIRST CLAIM FOR RELIEF
(Breach of Contract)

54.  Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

55.  The Purchase Agreement and the BluePrint Addendum are valid and binding contracts which obligated the Defendants to build a specific condominium for Plaintiff to purchase at Pinnacle at the specific price referenced in the Purchase Agreement and the BluePrint Addendum.

56.  Plaintiff timely and fully performed all of its obligations required in its individual Purchase Agreements and BluePrint Addendums, including but not limited to the payment of ten percent (10%) of the purchase price of the condominiums. No other obligations on the part of the Plaintiff are

due or owing to the Defendants.

57. On July 11, 2007, and again on October 8, 2007, the Defendants stated publically that construction of the Pinnacle would not be completed prior to the Construction Deadline.

58. Defendants have not commenced grading on the Property within the time frames set forth in the BluePrint Addendum.

59. Defendants have not forwarded any reports, much less monthly reports, describing the overall status of the project, including construction updates, as required by the BluePrint Addendum.

60. As a direct and proximate result of the Defendants delays in starting construction of the Pinnacle, the Defendants are in breach BluePrint Addendum for their inability to timely deliver the condominium units as required under the BluePrint Addendum.

61. Defendants are in further breach for failing to provide regular updates of the Pinnacle construction progress, including the alleged environmental issues plaguing the project.

62. Plaintiff and each class member have individually suffered damages in an amount in excess of Ten Thousand Dollars ($10,000).

63. Also as a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiff and each putative class member damages in the amount that each deposited in escrow pursuant to the Purchase Agreement and the BluePrint Addendum, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

VI.
## SECOND CLAIM FOR RELIEF
(Breach of the Covenant of Good Faith and Fair Dealing)

64. Plaintiff repeats and realleges all prior paragraphs of this Complaint as though set forth fully herein.

65. Implied in every contract executed in the State of Nevada is a covenant of good faith and fair dealing.

66. There are a total of one thousand one hundred and four (1104) condominium units at the Pinnacle. The Defendants entered into approximately 250 Purchase Agreements and BluePrint Addendums with buyers at the Pinnacle during the fourth quarter of 2006. The Defendants relied upon these contracts during their efforts to obtain construction financing for the Pinnacle.

67. Upon electing to use Plaintiff's and the putative class' Purchase Agreements to attempt to obtain construction financing, the Defendants owed Plaintiff and all class members a duty of good faith and fair dealing with respect to the subject of their Purchase Agreements and BluePrint Addendums.

68. Section 14 of the BluePrint Addendum provides that the Defendants may cancel the Purchase Agreements in the event that the Plaintiff and all those in the putative class fail to meet the 306 Requirement.

69. Upon information and belief, the Defendants anticipate terminating the Plaintiff's and the putative class' Purchase Agreements pursuant to the 306 Remedy.

70. The Defendants reliance on the 306 Requirement as a means to cancel the Purchase Agreements and the BluePrint Addendums is misplaced as the 306 Remedy expired more than one year prior to the date hereof.

71. The Defendants breached the covenant of good faith and fair dealing by using the Plaintiff's and the putative class' contracts to attempt to obtain construction financing, all in anticipation

of cancelling the Purchase Agreements and BluePrint Addendums.

72. As a result of this breach, the reasonable and justified expectations of Plaintiff and all class members in the value of their condominiums at the Pinnacle are denied and are no longer attainable.

73. As a direct and proximate result of the Defendants' breaches, Plaintiff and each class member have suffered damages in an amount in excess of Ten Thousand Dollars ($10,000) individually.

74. Also as a result of the Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

75. Based on the aforementioned wrongful acts of the Defendants, of which said actions were done maliciously, with the willful and conscious disregard of Plaintiff's rights, Plaintiff is entitled to an additional award of damages in the nature of exemplary punitive damages subject to proof at time of trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiff and each putative class member damages in an amount in excess of Ten Thousand Dollars ($10,000), awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

VII.<br>THIRD CLAIM FOR RELIEF<br>(Action to Quiet Title - NRS 40.010)

76. Plaintiff repeats and realleges all prior paragraphs of this Complaint as though set forth fully herein.

77. The Purchase Agreement and BluePrint Addendum created a valid, binding and

irrevocable contractual right for Plaintiff and all putative class members in a specified condominium unit at Pinnacle at a specified price, and such rights created an interest in the real property which is the subject of the agreements among the parties.

78. Upon information and belief, Plaintiff alleges that the Defendants may convey, or have agreed to convey and/or resell, the same specified condominium units at Pinnacle referenced in the class members' Purchase Agreements to third parties.

79. Accordingly, the interests of Plaintiff and the Defendants and the potential third parties to whom Defendants will sell the same condominium units at Pinnacle are adverse, and determination of their respective interests in the condominium units at Pinnacle is now necessitated. Plaintiff seeks to quiet title on all such property.

80. These adverse interests create a justiciable controversy for which declaratory relief is necessary and appropriate.

81. Plaintiff and all putative class members are entitled have quiet title and be declared that the rightful owners of the specified condominium units in their Purchase Agreements at Pinnacle, and have their interests declared superior to those of any subsequent grantees or third parties who enter into agreements to acquire condominium units at Pinnacle.

82. Plaintiff has retained the legal services of attorneys to bring this action and is entitled to recover reasonable attorneys' fees and costs of this lawsuit.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiff and all putative class members quiet title to the condominium units specified in their Purchase Agreements and declaring their interests superior to those of any subsequent grantees or third parties who enter into agreements to acquire condominium units at

Pinnacle, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## VIII.
## FOURTH CLAIM FOR RELIEF
(Estoppel)

83. Plaintiff repeats and realleges all prior paragraphs of this Complaint as though set forth fully herein.

84. Based upon information and belief, prior to executing the Purchase Agreements and BluePrint Addendums at issue, the Defendants, who represented to Plaintiff and all putative class members that they were experienced in developing luxury condominium projects, had a full opportunity to investigate and determine the costs of construction to complete the Pinnacle, and to anticipate the changes in the marketplace.

85. Furthermore, prior to executing the Purchase Agreements and BluePrint Addendums, the Defendants had the full opportunity to establish the prices for the condominium units at the Pinnacle based on anticipated costs of construction, including projected increases. By beginning construction on July 11, 2007, the Defendants demonstrated that they could have built the individual condominium units at the prices specified in the agreements prior to the Construction Deadline.

86. Plaintiff and each class member relied on the conduct of the Defendants in purporting to lock-in the purchase price of the new condominiums at Pinnacle, and in doing so placed a significant amount of funds in earnest money deposits. In addition, because of its reliance on the conduct of Defendants, Plaintiff failed to take advantage of the opportunity to purchase condominiums in competing projects that were being offered to purchasers of real estate in Las Vegas.

87. The Defendants used the Purchase Agreements to attempt to obtain construction financing for more than twelve (12) months.

88. The Defendants are now equitably estopped from canceling Plaintiff's and the putative class members' Purchase Agreements and BluePrint Addendums.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, jointly and severally, enjoining Defendants from cancelling Plaintiff's and the putative class' Purchase Agreements and BluePrint Addendums pursuant to the doctrine of equitable estoppel, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## IX.
## FIFTH CLAIM FOR RELIEF
(Specific Performance)

89. Plaintiff repeats and realleges all prior paragraphs of this Complaint as though set forth fully herein.

90. The terms of the Purchase Agreements and the BluePrint Addendums are sufficiently definite and certain to enable this Court to order specific performance, and in the event that the Court sitting in equity determines that any additional terms or conditions are required, specific performance can be decreed with such covenants, terms or conditions as are usual and incident to purchases on new residential condominiums, and may be necessary to give effect to the Purchase Agreements and the BluePrint Addendums.

91. The consideration specified in the Purchase Agreements and BluePrint Addendums to be received by the Defendants is and was adequate and reasonable when compared to the value of residential condominium units in Las Vegas being offered for sale at the same time that the Defendants began marketing the Pinnacle. The Purchase Agreements and BluePrint Addendums, which the Defendants participated in drafting, are fair, just and reasonable to the Defendants.

92. Plaintiff and the other class members are still ready, willing and able to consummate the purchase of the condominium units at the Pinnacle specified in their Purchase Agreements and BluePrint Addendums and to pay the purchase prices set forth therein.

93. Plaintiff and the other class members have no adequate remedy at law because the condominium units at the Pinnacle are unique, and Plaintiff's and the other class members' contract remedies will not provide adequate compensation to Plaintiff and other putative class members for the increase in the value of their condominium units at the Pinnacle when constructed since the date their agreements were executed.

94. Also as a result of Defendants' breaches, Plaintiff has retained the legal services of attorneys and is entitled to recover reasonable attorneys' fees and costs of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, jointly and severally, awarding Plaintiff and all putative class members specific performance under the Purchase Agreements and BluePrint Addendums, awarding attorneys' fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

## X.
## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and/or severally, where applicable as follows:

1. For general, special and compensatory damages in an amount in excess of $10,000 for each class member;

2. For specific performance of the Purchase Agreements and BluePrint Addendums;

3. For an order quieting title to the condominium units specified in the Purchase

Agreements and BluePrint Addendums;

    4.    For reasonable attorneys' fees and costs thereof;

    5.    For punitive and exemplary damages; and

    6.    For any further and additional relief that this Court may deem just and equitable.

## XI.
## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for a jury trial on all claims so triable.

## XII.
## RIGHT TO AMEND

Plaintiff reserves the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

Dated this __ day of January, 2008.

Respectfully Submitted,


/s/_____
Nikoll Nikci, Esq.
Nevada Bar No. 10699
3960 Howard Hughes Parkway
Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 990-3628
Facsimile: (702) 866-9774
Attorney for Plaintiff